```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION** at **LEXINGTON**

CIVIL ACTION NO. 08-CV-01-JMH

WARREN CHRISTOPHER ROBINSON,                                PETITIONER,

VS:                  **MEMORANDUM OPINION AND ORDER**

STEPHEN M. DEWALT, WARDEN,                                  RESPONDENT.

                        *** *** *** *** ***

Warren Christopher Robinson ("Robinson"), an individual incarcerated in the Federal Medical Center in Lexington, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Dkt. 1] This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002).

As Robinson is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

**I.   Background**

In 1979, Robinson was sentenced to terms of incarceration totaling 35 years in federal prison for engaging in a continuing criminal enterprise to distribute narcotics. On March 19, 1992, Robinson was sentenced to 110 months of incarceration by the District of Maryland for conspiracy to distribute a mixture containing heroin through the use of the inmate call system at the United States Penitentiary in Indiana where he was incarcerated. On April 1, 1993, an amended sentence reduced the term to 102 months.

Neither the original or amended Judgment and Commitment Order ("J&C Order") indicated whether this sentence was to be served concurrently with or consecutively to his pre-existing sentence. In his present petition, Robinson contends that 18 U.S.C. § 3585(a) requires that sentence to have commenced immediately upon entry of the J&C Order.

**II.  Discussion**

Robinson relies exclusively upon Section 3585(a) in support of his position.  That section provides:

> Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a).  Robinson reads this provision as indicating that his 102-month sentenced commenced immediately after sentencing because he was immediately returned to BOP custody upon entry of

2

the J&C Order.

Robinson's argument ignores the applicability of Section 3584, which provides:

> Imposition of concurrent or consecutive terms.--If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, ...  Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. ***Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.***

18 U.S.C. § 3584(a) (emphasis added).

Robinson acknowledges that the J&C Orders do not expressly state whether the sentence is to be served concurrently or consecutively, but argues that the J&C Orders are not "silent" on the matter, and should be read as though the requirements of Section 3585(a) are part of the J&C Order.  Robinson's argument misses the mark.  To have a subsequently-imposed sentence run concurrently with a pre-existing one, Section 3584(a) requires the judgment and commitment order to expressly state that the sentences are to run concurrently - mere silence is not enough.

Robinson's reading of Section 3585(a) is also unpersuasive. Robinson is correct that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody ...", but the defendant must be "received into custody" for the purpose of "commenc[ing] service of sentence..."  When Robinson was

3

returned to BOP custody after his March 1992 sentencing, it was for the purpose of completing his pre-existing 35-year sentence, not for the purpose of commencing his 1992 sentence. Accordingly, Section 3585 fails to provide any support for Robinson's position.

## II. Conclusion

Accordingly, it is **ORDERED** as follows:

1. Petitioner Robinson's petition for a writ of habeas corpus [Dkt. 1] is **DENIED**.

2. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This the 7th day of January, 2008.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge

4